## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ALANDERIA VAN WHITLOCK**                                              **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.:** 1:25cv58 HSO-BWR

**CITY OF GULFPORT, MISSISSIPPI;**                                     **DEFENDANTS**
**ADAM COOPER, Chief of Police for City of**
**Gulfport, in his Official Capacity; TALVON**
**ROBINSON, Individually; DAREN**
**TICHENOR, Individually; MADELINE**
**WHITAKER, Individually; and JOHN/JANE**
**DOES 1 – 8, Individually**

## COMPLAINT

## (PLAINTIFF REQUESTS A TRIAL BY JURY)

### Introduction

This is a civil action arising from the unlawful arrest of Alanderia Van Whitlock ("Plaintiff" or "Whitlock") on February 28, 2024, near the intersection of Polk Street and West Railroad Avenue, Gulfport, Mississippi. Defendant members of the Gulfport, Mississippi, Police Department participated in the assault and arrest of Whitlock, the placing of her in handcuffs, deploying a Taser into her body, placing her into a police vehicle, transporting her to the Gulfport Police Station, Mississippi, while doing so without probable cause, and while using unreasonable and unnecessary force during the arrest, placing her in the vehicle, deploying a Taser into her body, and transporting her, causing serious and permanent injuries, and denying her of medical treatment. The Defendants are sued for violations of Whitlock's rights under the United States Constitution and the common law.

1

**Jurisdiction and Venue**

**1**. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. § 1367.

**2.** Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to this lawsuit occurred in the City of Gulfport, Mississippi.

**Parties**

**3**. The Plaintiff, Alanderia Van Whitlock, 36 years of age, at all times relevant, has been a resident of the state of Mississippi.

**4**. The City of Gulfport, Mississippi, is a municipal corporation with the right to sue and be sued. It is responsible for the policies, procedures, and customs of the Gulfport Police Department and the police officers it employs.

**5**. Defendant Adam Cooper is the chief of police for the City of Gulfport, and is responsible for implementing the policies, procedures, and customs of the Gulfport Police Department and supervising the police officers employed by the City of Gulfport.

**6**. At all times relevant to the Complaint, police officers Talvon Robinson, Daren Tichenor, and Madeline Whitaker were duly sworn and licensed police officers of the Gulfport Police Department acting under color of state law and within the scope of their employment. They are sued in their individual capacities.

7. At all times relevant to the Complaint, police officers John/Jane Does 1 -8[1] were duly sworn and licensed police officers of the Gulfport Police Department acting under color of

---

[1] Defendants Talvon Robinson, Daren Tichenor, Madeline Whitker, and John/Jane Does 1 – 8 are collectively referred to as "the Individual Defendants".

state law and within the scope of their employment. They are sued in their individual

capacities.

## Facts

8.  Defendant Talvon Robinson ("Robinson") and some or all of the other Individual

Defendants, arrested Whitlock on February 28, 2024, in the night-time in the City of Gulfport,

Mississippi, after Robinson pulled her over because she was driving a vehicle while only one

headlight was illuminated.  Robinson obtained Whitlock's social security number and moved

away from Whitlock and her Nissan Altima automobile that she was driving to run her

information with police dispatch.  He returned to her vehicle and asked Whitlock to give him her

social security number again, to which she complied.  Robinson went to his vehicle again to run

her information.  He returned to Whitlock's car again and confirmed with her that she didn't

have any weapons and then asked her for permission to search her car.  Whitlock denied

Robinson permission to search.  Robinson again leaves Whitlock in her car and walks to his

patrol vehicle and talks with dispatch and/or Defendant Madeline Whitaker ("Whitaker") who

had arrived on the scene.  Robinson also contacted Tichenor and advised him that Whitlock did

not give him consent and that Tichenor should head to the scene.  Robinson returned to

Whitlock's car and asked her to place the knife that was near her seat to the passenger seat or

middle section of the vehicle.  Whitlock complied and moved the knife and placed it in the

location where Robinson had requested.  Robinson returned to Whitlock's car and asked her to

step out of the vehicle. Whitlock complied with the request by pulling the door latch with her left

hand and pushing the door open.  While exiting the vehicle, Whitlock asked Robinson why she

needed to get out of the vehicle.  As Whitlock exited the car, her telephone charger fell to the

ground.  Whitlock reached down and picked it up and turned toward the driver's seat to put the

3

charger on the driver's seat.  Whitlock's hat blew and she continued to ask why she was being

forced out of the car and leaned into the vehicle to place her hat inside and grab her phone seen

on the driver's seat.  Immediately as she was leaning into the car, Robinson, without warning,

grabbed Whitlock's left arm and pulled her from the car, moved her to the left rear fender of her

car and with the assistance of Whitaker and perhaps another officer who was on the scene and

threw her to the ground.  Robinson and/or other officers told Whitlock that she was under arrest.

Robinson and Whitaker and other officers commenced to assaulting Whitlock by punching her

with closed fists whiling Whitlock was crying and telling them to stop and that they were hurting

her.  Despite Whitlock's plea for the reason she was being arrested, the Individual Defendants

Robinson never told her.  While Whitlock was on the ground, Robinson and/or Whitaker

viciously and savagely assaulted her. Whitlock complied with their request to place her hands

behind her back and after Robinson had placed one of her hands in handcuffs, Defendant Daren

Tichenor ("Tichenor") deployed his department issued Taser once into Whitlock's back.  After

Robinson and Whitaker picked Whitlock up from the ground, they slammed Whitlock against the

hood of one of the police patrol cars that was on the scene.   During the illegal arrest of

Whitlock, the Individual Defendants threatened to allow a City of Gulfport dog, K9 Tokio, to

attack Whitlock.  Robinson and Whitaker forced her head downward by an empty hand deadly

force hold involving an officer's forearm pressing against the rear of her neck.  After nearly

seventeen (17) minutes after Robinson's initial contact with Whitlock, Robinson left the scene

driving Whitlock to the Gulfport Police Station and on the way there, he told her that she was

arrested for resisting arrest.  She was processed at the station and released after being charged

with Disorderly Conduct by Failing to Comply with Commands of Law Enforcement Officer and

also for Resisting or Obstructing Arrest.  Tichenor searched Whitlock's car without probable

cause and without her permission or consent.  Robinson delayed the reason for the stop for the

sole purpose of allowing Tichenor to arrive with his drug sniffing dog to search Whitlock's car

for the presence of illegal drugs.  During and following this encounter with law enforcement on

February 28, 2024, Whitlock suffered physical and mental/emotional injuries.  Whitlock was

seen at the police station by an emergency medical technician and the next day she visited a local

hospital.  Whitlock has experienced, among other things, back pain, neck pain, headache,

shoulder pain, lower extremity pain, and bruises and contusions to her body as a result of her

encounter with officers of the Gulfport Police Department on February 28, 2024.  Whitlock

suffered physical pain and emotional distress, as a result of the actions of the defendants.

## COUNT I

### Fourth Amendment – Unreasonable Seizure – Arrest without Probable Cause

9.   Plaintiff re-alleges Paragraphs 1 through 8 as if separately set forth.

10.   Robinson, Whitaker, Tichenor and the Individual Defendants lacked probable

cause to arrest Plaintiff on charges of failure to comply with commands of law enforcement

officer and resisting or obstructing arrest.  The search of Plaintiff's car was without probable

cause and the search resulted in no contraband or evidence of a crime.

11.  The acts of all the Individual Defendants violated Plaintiff's right to be free from an

unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C.

Section 1983.

WHEREFORE, the plaintiff, Alanderia Van Whitlock, seeks judgment against

the Individual Defendants in the amount of One Million Dollars ($1,000,000) compensatory and

punitive damages, plus attorneys' fees and costs.

## COUNT II

### Fourth Amendment – Unreasonable Seizure – Excessive Force

12.  Plaintiff re-alleges Paragraphs 1 through 11 as if separately set forth.

13.  The Individual Defendants used objectively unreasonable and excessive force in this arrest and detention of Whitlock.  Furthermore, these defendants caused injuries to Plaintiff after shall was in their custody as she had never actively resisted arrest.

14.  The acts of the Individual Defendants violated Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. Section 1983.

WHEREFORE, the plaintiff, Alanderia Van Whitlock, seeks judgment against the Individual Defendants in the amount of One Million Dollars ($1,000,000) compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT III

### Fourteenth Amendment – Failure to Intervene

15.  Plaintiff re-alleges Paragraphs 1 through 14 as if separately set forth.

16.  The Individual Defendants observed each other illegally and with probable cause assault and detain Whitlock and arrest her without reasonable suspicion or probable cause and also observed each other detain and arrest Plaintiff using objectively unreasonable and excessive force, both in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment.

17.  Each of the Individual Defendants failed to intervene and prevent each of the other Individual Defendants from violating Plaintiff's Fourth Amendment rights to be free from an unreasonable seizure and excessive force, although they each had reasonable

opportunities to do so.

18.  The acts of the Individual Defendants violated Plaintiff's rights to the due

process clause of the Fourteenth Amendment, enforceable through 42 U.S.C. Section 1983.

WHEREFORE, the plaintiff, Alanderia Van Whitlock, seeks judgment against the

Individual Defendants in the amount of One Million Dollars ($1,000,000) compensatory and

punitive damages, plus attorneys' fees and costs.

**COUNT IV**

**Municipal Liability under 42 U.S.C. Section 1983**

19.  Plaintiff re-alleges Paragraphs 1 through 18 as if separately set forth.

20.  The City of Gulfport, Mississippi (referred to as "the City of Gulfport"), at all

relevant times has maintained a policy, custom, or practice that has been the cause, the

moving force, behind the violation of citizens' rights.  Defendant Adam Cooper, in his

official capacity of chief of police of the City of Gulfport, is the official responsible for

implementing and carrying out the policies, customs, or practices herein referred to.

Specifically, this policy, custom, or practice involves:

a. The use of objectively unreasonable and excessive force on detainees and arrestees.

b. Disorderly conduct arrests without probable cause, often only because the arrestee was protesting police conduct and/or rejecting officers' request to consent to searches of their vehicles.

c. Overcharging arrestees with resisting arrest and assault on a police officer when they were simply being uncooperative and not actively resisting arrest.

d. The arrestees receiving serious injuries but the officers not being injured during such encounters.

e. The Gulfport Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another

7

person, if at all.

f.  Permitting and authorizing police officers of the City of Gulfport profile individuals/detainees/arrestees based on the location from which they are travelling or are stopped to search, with consent or probable cause, their persons or vehicles for illegal drugs or other evidence of crimes.

21.  The above-described policy, custom, or practice was the direct proximate cause of the Individual Defendants violating Plaintiff's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. Section 1983.

WHEREFORE, the plaintiff, Alanderia Van Whitlock, seeks judgment against the City of Gulfport in the amount of One Million Dollars ($1,000,000) compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT V

### Common Law – False Arrest

22.  Plaintiff re-alleges Paragraphs 1 through 21 as if separately set forth.

23.  Defendants Robinson, Whitaker, and Tichenor and/or other of the Individual Defendants detained and/or arrested Plaintiff without reasonable suspicion or probable cause.

24.  The aforesaid acts of the Individual Defendants were taken within the scope of their employment by the City of Gulfport.

25.  The unlawful acts of the Individual Defendants were the direct, proximate cause of Plaintiff's injuries.

WHEREFORE, the plaintiff, Alanderia Van Whitlock, seeks judgment against the Individual Defendants and the City of Gulfport in the amount of One Million Dollars ($1,000,000) compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT VI

### Common Law – Assault and Battery

**26.** Plaintiff re-alleges Paragraphs 1 through 25 as if separately set forth.

**27.** By his and/or their words and acts, the Individual Defendants threatened to do and did do bodily harm to Plaintiff.

**28.** By using excessive and unreasonable force, the Individual Defendants caused harmful or offensive bodily contact with Plaintiff.

**29.** The aforesaid acts of the Individual Defendants were unprivileged.

**30.** The aforesaid acts of the Individual Defendants who were members of the Gulfport Police Department were taken within the scope of their employment by the City of Biloxi.

**31.** The unlawful acts of the Individual Defendants were the direct, proximate cause of Plaintiff's injuries.

WHEREFORE, the plaintiff, Alanderia Van Whitlock, seeks judgment against the Individual Defendants and the City of Gulfport in the amount of One Million Dollars ($1,000,000) compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT VII

### Common Law – Intentional Infliction of Emotional Distress

**32.** Plaintiff re-alleges Paragraphs 1 through 31 as if separately set forth.

**33.** The conduct of the Individual Defendants was extreme and outrageous and was intended to cause and did cause Plaintiff severe emotional distress and mental anguish.

**34.** The acts and omissions of the Individual Defendants were taken within the

scope of their employment by the City of Gulfport.

WHEREFORE, the plaintiff, Alanderia Van Whitlock, seeks judgment against the

Individual Defendants and the City of Gulfport in the amount of One Million Dollars

($1,000,000) compensatory and punitive damages, plus attorneys' fees and costs.

## Jury Trial

The plaintiff, Alanderia Van Whitlock, demands a trial by jury on all issues so triable.

Respectfully submitted, this 28th day of February, 2025.


ALANDERIA VAN WHITLOCK
Defendant

By:  /s/Alvin Chase
Alvin Chase
Attorney for Plaintiff
MSBN 5968
CHASE CHASE & ASSOCIATES, PLLC
P.O. Box 7119
D'Iberville, Mississippi 39540
Telephone: (228) 396-3300
Facsimile:  9228) 396-1494
chaselaw@bellsouth.net